O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 06-00572-SGL (OPx)                    Date:  September 19, 2008

Title:        STEVEN MENDELSON -*v*- COUNTRY COACH, INC.
========================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes                              None Present
            Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                            None Present

PROCEEDINGS:     ORDER DENYING MOTION FOR RECONSIDERATION (IN CHAMBERS)

        The Court granted defendants' motion for summary judgment on November 19, 2007, and
entered judgment on December 11, 2007.  Plaintiff filed the present motion for reconsideration on
December 7, 2007, which was heard on January 7, 2008, at which time the Court took the matter
under submission.

        Although normally the filing of the appeal would divest the Court of jurisdiction over the
matters encompassed in that appeal, such is not the case where, as here, a motion for
reconsideration is filed prior to the notice of appeal.  <u>See</u> <u>Miller v. Marriott Int'l, Inc.</u>, 300 F.3d 1061,
1064 n.1 (9th Cir. 2002).

        The motion for reconsideration takes issue with the Court's resolution of plaintiff's argument
that equitable tolling saved his otherwise time-barred claims:

                Plaintiff next argues that equitable tolling saves his claims.  The
                longer of the two warranties expired some time in late December 2004.
                Without tolling, this action would have had to have been filed some time
                shortly before 2006 to be timely.  It was not filed until almost four
                months later.  Therefore, to save his claims, plaintiff [must] point to
                some evidence sufficient to raise a triable issue of fact that the statute
                was tolled for almost four months.  This he has not done.  Plaintiff has

MINUTES FORM 90                                      Initials of Deputy Clerk: jh
CIVIL -- GEN                      1

provided repair records evidencing approximately forty separate repairs on the vehicle dating from the time of the purchase to October 2005. Plaintiff believes that this evidence is sufficient to show that the limitations period was tolled while repairs were attempted.

Although it accurate that, under California law, "[t]he statute of limitations is tolled where one who has breached a warranty claims that the defect can be repaired and attempts to make repairs," this statement of the law appears to be limited to situations in which the warrantor promises attempts to repair one specific defect, not the many seemingly unrelated defects complained of by plaintiff.  See Aced v. Hobbs-Sesack Plumbing Co., 55 Cal.2d 573, 585 (Cal.1961).  When confronted with this deficiency at oral argument, plaintiff's counsel suggested that a number of the defects complained of were the same or were related; however, plaintiff's opposition did not attempt to summarize or categorize these same or similar defects or provide detail as to how repeated repairs (or attempted repairs) tolled the statute of limitations for any specific period of time.

SJ Order at 2.

The Court rejected plaintiff's argument that the limitations period should be equitably-tolled until the last repair under the warranty was made.  Under plaintiff's theory, given the extensive repair history, the Court should have concluded that plaintiff raised a triable issue of fact regarding whether equitable tolling should apply.  See Opp. to SJ Motion at 5 ("Thus, in the instant case, the statute of limitations was tolled while Country Coach continued to attempt repairs -- that is, through at least October 2005 -- and Mendelson's claims are therefore timely.").  Plaintiff's theory was untenable under California law which, as stated above, recognizes that "[t]he statute of limitations is tolled where one who has breached a warranty claims that the defect can be repaired and attempts to make repairs."  Aced, 55 Cal.2d at 585.  Plaintiff did not present evidence that the warrantor "continued to claim" that the defects at issue could be repaired.

The problem for plaintiff's case at the summary judgment stage was, and continues to be, both the form of presentation and the content of the evidence presented.  Because the Court rejected this legal argument, plaintiff's evidence, as presented on summary judgment, was ill-suited to address the legal relevant standard as adopted by the Court -- essentially that the promise to repair must address a specific, identifiable defect in order to equitably toll the statue of limitations.  Plaintiff has seized upon the opportunity to do so by filing the present, procedurally improper motion for reconsideration.  See Motion at 7-8 and Exhibits cited therein.

The Court has reviewed this evidence, summarized in Addendum A attached hereto.  Nevertheless, the Court is still unable to conclude that plaintiff has raised a triable issue of fact precluding summary judgment.  Plaintiff's evidence is hopelessly ambiguous.

First, the problems of which plaintiff complains, memorialized in the multiple repair records submitted, are written in the shorthand phrases of those in the business of repairing motor homes. The meaning is far from clear.  They are much like the very short corporate emails between colleagues working on the same project.  They may know exactly what they are talking about; however, to others looking in from the outside and after the fact (like this Court), the communications are far from clear.

Next, the repair records are incomplete descriptions of the problems, because the parties involved in the communications had the motor home physically present to examine.  There is also little, if any, standardization of the terminology used by the multiple repair shops, making any comparison of their contents impossible.  Moreover, there is little indication of whether a second repair (or third) to the same component was necessitated by a new problem or a continuation of the first problem that was not fixed in the first instance.  Finally, they are less than specific as to exactly what part of the motor home is being repaired.

By way of example, the Court notes the following, with reference to Addendum A.  Relating to "suspension," plaintiff sought multiple repairs regarding the leveling system.  But were those repairs to remedy the same problem?  As to those exhibits which the Court examined but found "nothing related to suspension identified," are there elements that are part of the suspension system at issue that the Court was unable to identify as part of the suspension?  Relating to "slide out," plaintiff had multiple complaints regarding slide-out sagging and leaking and a vibration sound.  How are these complaints related, if at all?  Was there a promise that it was fixed?  Did all the complaints relate to the same slide out?  Which complaint related to which side slide out?  Relating to the "storage bays," the Court notes multiple issues presented as well as the presence of multiple storage bays.

It was incumbent upon plaintiff to present intelligible evidence from which an inference could be drawn as to whether any specifically identifiable periods of equitable tolling were in effect.  He did not; therefore, his claims did not survive summary judgment.

More fundamentally, however, and regardless of evidence of the relatedness of the defects, these repair records do nothing to show that defendant "claim[ed] that the defect can be repaired." This is simply not a case in which plaintiff was lulled into refraining from filing suit by a continuing promise on the part of the warrantor to repair a defect.

Plaintiff's motion for reconsideration is **DENIED.**